# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JASON PUMPKIN SEED,<br><br>                Defendant. | 5:23-CR-50176-KES<br><br>**PRETRIAL RULING** |

Consistent with the court's oral rulings made during the July 18, 2024, pretrial conference in the above-captioned case, it is ORDERED:

1. **Reference to penalty or punishment/felony conviction**. The government's first motion in limine at Docket 29 is granted.

2. **Opining on guilt or innocence.** The government's second motion in limine at Docket 29 is granted and made reciprocal to both parties. The motion does not preclude defense counsel from arguing that the defendant is actually innocent or apply to the defendant should he testify.

3. **Hearsay statements of defendant offered by Defendant.** The government's third motion in limine at Docket 29 is granted.

4. **References to witnesses who did not testify.** The government's fourth motion in limine at Docket 29 is granted and made reciprocal to both parties.

5. **Argument that defendant did not know he was prohibited from possessing firearms**. The court takes the government's fifth motion in limine at Docket 29 under advisement and will consider objections during trial.

6. **Sequestration**. The government's sixth motion in limine at Docket 29 is granted and made reciprocal to both parties.

7. **Prior bad acts**. The defendant's first motion in limine at Docket 34 is granted.

8. **Evidence obtained while defendant was in custody.** The government's second motion in limine at Docket 34 is granted in part. The parties have agreed to a stipulation with regard to the collection and chain of custody of certain DNA swabs obtained from the defendant. If that stipulation is entered between the parties, then there will not be any reference to the fact that the DNA swab was obtained while the defendant was in custody.

9. **Reference to stolen vehicle.** The defendant's third motion in limine at Docket 34 is denied. The facts of this case are unique and reference to the fact that the vehicle was stolen is relevant and probative to help the jury understand the evidence likely to be presented. Reference to the stolen vehicle is also relevant and probative of whether the defendant was the driver of the vehicle where the firearm was found and whether defendant was in possession of the firearm. Furthermore, the prejudicial effect of the evidence is outweighed by its probative value. The defendant may argue, and the jury will be instructed, that the defendant has not been charged with possession of a stolen vehicle. Counsel for the United States indicated she would not be presenting any evidence indicating that defendant was the person that stole the vehicle.

10. **Supplemental motion in limine to exclude photographs of the surveillance video and testimony from Officer Andrew Cowan as to his opinion on who is depicted in the photographs.** The defendant's supplemental motion in limine at Docket 41 is denied. There is a basis for concluding that Officer Andrew Cowan is able to identify the defendant in the photo and is better

1

positioned than other witnesses to do so. Cowan may testify that he knows the defendant in his professional capacity and met with him multiple times in early 2023 but may not testify on direct examination that he was the defendant's supervising probation officer.

Dated July 18, 2024.

BY THE COURT:

/s/ *Camela c. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE